## The Illinois Central Railroad Company

### v.

### Henry H. Harris.

*Opinion filed February 19, 1900.*

1. TRIAL—*when court must refuse to take case from jury.* It is the duty of the trial court to refuse defendant's request to take the case from the jury, if the evidence, with all the inferences to be properly drawn therefrom, fairly tends to prove plaintiff's cause of action as set out in the declaration.

2. APPEALS AND ERRORS—*in passing upon action on peremptory instruction Supreme Court does not weigh evidence.* In passing upon the propriety of defendant's instruction to take the case from the jury the Supreme Court does not consider the weight of evidence, since defendant's request admits the truth of plaintiff's evidence and all inferences to be properly drawn therefrom.

3. CARRIERS—*carrier should furnish stock shipper with cars free from disease germs.* It is the duty of a carrier to furnish a cattle shipper with cars which are not infected with any contagious cattle disease, and its failure to discharge such duty renders it liable for damages resulting therefrom to the shipper.

4. EVIDENCE—*what will warrant jury in finding carrier liable for loss on cattle by Texas fever.* A jury is warranted in finding that Texas fever was communicated to plaintiff's cattle from infected cars under evidence that defendant's line extended from Chicago to New Orleans; that the cars had been recently used to carry other cattle; that there had been no Texas fever for over twenty-five years in the places where the cattle were raised and shipped to; and that, though the cattle were kept in a pasture by themselves after unloading, Texas fever soon broke out among them.

*Illinois Central Railroad Co. v. Harris*, 84 Ill. App. 462, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Champaign county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

WOLFE & SAVAGE, (JOHN G. DRENNAN, of counsel,) for appellant.

GERE & PHILBRICK, for appellee.

Mr. Justice Craig delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Champaign county, wherein the appellee recovered damages against the Illinois Central Railroad Company for the loss of a lot of cattle shipped by appellee over appellant's railroad in cars alleged to have been infected with a cattle disease known as Texas fever.

It appears that appellee purchased one hundred and fourteen head of cattle near Centralia and Edgewood, in this State, and on September 30, 1898, shipped the cattle in cars furnished by the Illinois Central Railroad Company from those two points to Seymour, Illinois. When the cattle arrived at Seymour they were taken directly from the cars to the farm of appellee and turned into his pasture. On October 13 some five or seven of them were sick, and the symptoms were splenic or Texas fever. The one hundred and fourteen cattle that were shipped over appellant's road were then placed by themselves. Subsequently twenty-six of these cattle died of splenic or Texas fever. Thirty-three in all were affected with the disease.

At the close of plaintiff's evidence defendant asked the court to give the jury the following instruction:

"That under the law and evidence plaintiff is not entitled to recover, and the verdict must be not guilty."

The court refused the instruction and defendant excepted. The refusal of the court to give the instruction is the only question relied upon by the appellant to reverse the judgment.

In requesting the court to instruct the jury to find for the defendant, the truth of plaintiff's evidence, and all inferences to be properly drawn therefrom, were admitted, and in passing upon an application to take a case from the jury we do not consider or pass upon the weight of the evidence. (*Offutt* v. *World's Columbian Exposition,* 175 Ill. 472.) In such case the real question is whether the

evidence, with all inferences to be properly drawn therefrom, fairly tended to prove plaintiff's cause of action as set out in his declaration.   If it does, then it is the duty of the court to refuse to take the case from the jury. Here, when appellee applied to appellant, as a common carrier, to ship his cattle, it was the duty of appellant to furnish reasonably safe cars in which the cattle might be transported, and it was also the duty of appellant to furnish cars which were not infected with any contagious cattle disease, and if appellant failed to discharge its duty and appellee was injured in consequence of such failure; then appellee was entitled to recover such damages as he may have sustained.   Upon looking into the record it will be found, from the evidence, that the appellant's line of road extends from Chicago to New Orleans, and that appellant's cars in which the cattle were shipped had recently been used by the company in carrying other cattle.   It also appears that the cattle purchased by appellee and shipped were native cattle, all raised in the localities where they were purchased; that no Texas fever had existed in those localities for more than twenty-five years; that these cattle were shipped by the appellee from the points where they were loaded, to Seymour, Illinois; that they were unloaded and immediately taken to appellee's pasture, and further, that Texas or splenic fever had not existed or been known at the point where these cattle were unloaded, or at the pasture of appellee where the cattle were put, or in that section of the country, for more than twenty-five years last past; that the cattle for which a recovery was asked died of Texas fever.   From the facts thus established the logical inference would be that the disease of which the cattle died was communicated to them from appellant's cars infected by the germs of the disease which were in the cars.   The evidence points to no other source from which the disease could have been communicated to the cattle.   The evidence demonstrates to a certainty that

the cattle could not have contracted the disease before they entered appellant's cars. It also establishes beyond dispute that they did not contract the disease after they left the cars. Such being the case, the cattle must necessarily have 'contracted the disease on the cars from germs which had been left in the cars from recent shipments. We think, therefore, the jury were fully warranted in finding, from the evidence, that appellant's cars were infected with the disease, and that it was communicated to plaintiff's cattle in the cars.

From what has been said it follows that the court did not err in refusing appellant's instruction.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*