## Fred Freyer v. Aurora, Elgin & Chicago Railway Company.

### Gen. No. 4,553.

1. MOTORMAN—*duty of, to stop car.* It is the duty of a motorman to stop or to reduce the speed of his car when it is apparent that teams in front thereof are frightened or have become unmanageable.

2. JURY—*when case should be submitted to.* Where the facts proven, together with all inferences to be drawn therefrom, tend to support the plaintiff's declaration, the case should go to the jury.

Action on the case for personal injuries. Appeal from the Circuit Court of DuPage County; the Hon. LINUS C. RUTH, Judge, presiding. Heard in this court at the April term, 1905. Reversed and remanded. Opinion filed October 25, 1905.

BOTSFORD, WAYNE & BOTSFORD and S. L. RATHJE, for appellant.

HOPKINS, PEFFERS & HOPKINS, for appellee.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

This was an action on the case brought by appellant

against appellee in the Circuit Court of DuPage County for injuries received by appellant on August 22, 1903, caused by a car on appellee's railroad colliding with a vehicle on which appellant was riding in the city of Elgin.

The different counts of the declaration charge that appellant was injured through the negligent running and managing of appellee's cars. At the close of the evidence the court instructed the jury to find for appellee. Accordingly, a verdict was rendered and judgment against appellant for costs, from which this appeal is prosecuted.

The sole question presented for our determination is whether the court erred in directing a verdict for the appellee. The determination of this question makes a brief statement of the facts, which the evidence for appellant tends to prove, necessary. It appears from the testimony that Riverside avenue in the city of Elgin is a street running north and south along the east bank of Fox river, starting about one hundred and thirty-two feet south of Chicago street, and running southerly to about opposite Perry avenue; it is upon this avenue that the tracks of appellee are laid, and its cars pass along this avenue through the city of Elgin to appellee's waiting station. The driveway for vehicles appears to be on the east side of Riverside avenue, and is only about fifteen feet wide east of appellee's track at the place where the accident happened.

The cars of appellee come down on Riverside avenue to the station and then backed out on the same track on the return trip to Chicago. About forty-five yards from appellee's waiting station south an alley eighteen feet wide intersects the driveway on the east side of Riverside avenue. At the corner of this intersection there is a water hydrant about thirteen feet east of the rail of appellee's track. Appellant was engaged in hauling dirt for the city of Elgin with a two-wheeled cart drawn by one horse; he had hauled three loads on the day before the accident and dumped it on Riverside avenue. On the day in question, between eight and nine o'clock in the morning, he drove

Freyer v. A., E. & C. Ry. Co.

down Chicago street and on to Riverside avenue with a load of dirt and passed down south, about one hundred yards south of the alley above referred to; here he unloaded the dirt and proceeded to return, going up the driveway on the eastern side of Riverside avenue. A car had passed over appellee's track going toward the waiting station while appellant was south of the alley and before he had unloaded his cart. . Appellant drove his horse north, and when he was within a few feet of the mouth of the alley that runs east and west from Riverside avenue, appellee started its car on its return trip to Chicago. The car was thus going toward the horse, and when in about twenty-five feet north of the alley appellant's horse became frightened and unmanageable, and made a jump as though he intended to go into the alley, this threw the wheel of appellant's cart very near to the hydrant. Appellant in order to avoid striking the hydrant straightened his horse to the left so that he was. again facing north and the approaching car. The horse continued prancing, jumping and backing from the car, and while appellant was trying to control him the horse backed the cart on to the track and the car struck it and inflicted the injuries for which this suit is brought.

There was no obstruction between the approaching car and the frightened horse, and the evidence tends to show that the motorman saw the situation in which appellant was placed. The evidence tends to show that no effort whatever was made by the motorman to stop the car, or to slacken its speed, although it was apparent that appellant was in a narrow street and near the track, and that his horse was unmanageable.

Under this state of facts, which are either proven or fairly inferable from those that are proven, the court directed a verdict for appellee. It has been held in discussing cases involving a similar state of facts that it is the duty of the motorman on an electric car to bring it to a stop, or to reduce the speed, when it is apparent that teams are frightened and unmanageable in front of the car.

The rule of law in such cases is that it is the duty of

those in charge of electric cars to use reasonable care to avoid injury to persons or property that may rightfully be upon the public streets. In all such cases it is a question for the jury to determine whether or not, under the circumstances of the particular case, the motorman has exercised that degree of care required by the law.

A few of the many cases in this court in which a similar question has been presented are: Rockford City Railway Company v. Blake, 74 App. 175; Joliet Railroad Company v. Eich, 96 App. 240; Springfield Consolidated Railway Company v. Ankrom, 93 App. 655.

In the view that we take of the facts in this case the trial judge should have submitted the case to the jury, under proper instructions, and permitted the jury to pass upon the questions involved. Where the facts proven, together with all reasonable inferences to be drawn therefrom, tend to support the plaintiff's declaration the case should go to the jury. Illinois Central Railroad Company v. Harris, 184 Ill. 57; C. & E. I. Railroad Company v. Schmitz, 211 Ill. 452.

A motion has been made in this case to strike the bill of exceptions from the files, because there was no seal attached to the certificate of the circuit judge. A cross-motion has been entered and allowed permitting an amendment by the addition of the seal; this cures the irregularity on which appellee's motion was based.

For the error in directing a verdict in this case, the judgment is reversed and the cause remanded.

*Reversed and remanded.*