## Cleveland, C., C. & St. L. Ry. Co. v. Lewis E. Stephens.

1. RAILROADS — *Fires Communicated by Locomotives.*—Under the statute relating to fires communicated by locomotives, the burden is upon the railroad company to establish such facts as will excuse it from the consequences of these fires.

2. INSTRUCTIONS—*Based on a Statute, Rather Than on the Evidence.* —The giving of an instruction, not so much dependent upon the evidence for its support as upon the statute under which the action is brought, is not such an error as calls for the reversal of the case.

3. STATUTES—*The Statute Relating to Fires Communicated by Locomotives Construed.*—The act of the General Assembly, approved March 29, 1869, relating to fires by locomotives (Hurd's R. S. 1895, 1206), provides a rule in reference to, and applies to uses and conditions of property existing before the construction of the railroad as well as to uses and conditions arising after its construction.

4. DAMAGES—*To Realty by Fires.*—The measure of damages to realty by the destruction of fruit trees, fences, meadows, etc., as parts of such realty, resulting from fires communicated from locomotives, is the amount that such realty as a whole has been lessened in value by the destruction of such parts.

5. APPELLATE COURT PRACTICE—*Changes, Theories, etc.*—When both parties at the trial elect to pursue the same method of proof and ask for and have given instructions of the same character, an appellant can not have the case tried upon a different theory in the Appellate Court.

**Trespass on the Case.**—Damage by fire. Appeal from the Circuit Court of Crawford County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

JOHN T. DYE, attorney for appellant; C. S. CONGER, of counsel.

In cases of injuries to real estate the rule is undoubtedly that a recovery may be had for the value of the thing

destroyed, where it had a value which can be accurately measured without reference to the soil on which it stands. Dwight v. Elmira, C. & N. R. R. Co. (N. Y.), 30 N. E. Rep. 398, and cases cited.

Where the value of the thing destroyed can not be accurately measured without reference to the soil on which it stands, then the damages are to be measured by the difference between the value of the real estate before the injury and the value after the injury. Missouri Pac. Ry. Co. v. Haynes, 1 Kan. App. 586, 42 Pac. Rep. 259; St. Louis & San Francisco Ry. Co. v. Hoover, 43 Pac. Rep. 854; Louisville, E. & St. L. C. R. R. Co. v. Spencer, 149 Ill. 97.

Cases are abundant to illustrate a proper application of these rules. Where timber forming part of a forest is fully grown, the value of the trees taken or destroyed can be recovered. In nearly all jurisdictions this is all that may be recovered; and the reason assigned for it is that the realty has not been damaged, because the trees, having been brought to maturity, the owner is advantaged by their having been cut and sold, to the end that the soil may again be put to productive uses. 3 Suth. Dam., 374; 3 Sedg. Dam. (8th Ed.), p. 45; Single v. Schneider, 30 Wis. 570; Webster v. Moe, 35 Wis. 75; Webber v. Quaw, 46 Wis. 118, 49 N. W. Rep. 830; Haseltine v. Mosher, 51 Wis. 443, 8 N. W. Rep. 273; Tuttle v. Wilson, 52 Wis. 643, 9 N. W. Rep. 822; Wooden Ware Co. v. United States, 106 U. S. 432, 1 Sup. Ct. Rep. 398; Graessle v. Carpenter, 70 Iowa, 166, 30 N. W. Rep. 392; Ward v. Carson River W. Co., 13 Nev. 44; Tilden v. Johnson, 52 Vt. 628; Adams v. Blodgett, 47 N. H. 219; Cushing v. Longfellow, 26 Me. 306. In this State (New York) it is settled that even where full-grown timber is cut or destroyed the damage to the land may also be recovered, and in such cases the measure of damages is the difference in the value of the land before and after the cutting or destruction complained of. Argotsinger v. Vines, 82 N. Y. 308; Van Deusen v. Young, 29 N. Y. 36; Easterbrook v. Erie R. R. Co., 51 Barb. 94.

The rule is also applicable to nursery trees grown for

market, because they have a value for transplanting. The soil is not damaged by their removal, and their market value necessarily furnishes the true rule of damages. 3 Sedg. Dam. (8th Ed.), p. 48; Birket v. Williams, 30 Ill. App. 451. Coal furnishes another illustration of the rule making the value of the thing separated from the realty, although once a part of it, the measure of damages, where it has a value after a removal, and the land has sustained no injury because of it. 3. Sedg. Dam. (8th Ed.), p. 48; 3 Suth. Dam., p. 374; 5 Am. & Eng. Enc. Law, p. 36, note 2; Stockbridge Iron Co. v. Cone Iron Works. 102 Mass. 80; Oak Ridge Coal Co. v. Rogers, 108 Pa. St. 147; Dougherty v. Chesnutt, 86 Tenn. 1, 5 S. W. Rep. 444; Coleman's Appeal, 62 Pa. St. 252; Ross v. Scott, 15 Lea, 479; Forsyth v. Wells, 41 Pa. St. 291; Chamberlain v. Collinson, 45 Iowa, 429; Morgan v. Powell, 3 Ad. & E., N. S. 278; Martin v. Porter, 5 Mees. & W. 351; Dwight v. Elmira, C. & N. R. R. Co., 30 N. E. Rep. 398.

In Pacific Express Co. v. Lasker Real Estate Ass'n, 16 S. W. Rep. 792, it was said:

" If the difference between the value of the land immediately before and after a house on it is injured or destroyed, with interest on the sum thus ascertained from the time of the injury, be adopted as the true measure of damages in such cases, we have a rule certain in its application and that will give just compensation in all cases not exceptional in character." Shear. and R. Neg., par. 750; Wood's Mayne, Dam., par. 569; Sedg. Dam., notes, 267; Burke v. Louisville & N. R. R. Co., 7 Heisk. 465.

The difference between the market value of a house and lot before and after a fire by which the house is destroyed, is the measure of the damage occasioned by the fire. Pacific Express Co. v. Smith, 16 S. W. Rep. 998.

In Jacksonville, etc., Co. v. Peninsula, etc., Co., 9 So. Rep. 661, it was said, in speaking of the measure of damages for buildings destroyed by fire: " The amount which it would have cost to erect buildings of the same kind on the day of the fire, less a proper deduction for deterioration, is not the proper measure of damages in a case of this kind."

As we have seen, where the nursery trees are grown for the market, and have a value for transportation, and the soil is not damaged by their removal, their market value necessarily furnishes the true rule for damages. 3d Sedg. Damages (8th Edition), 48.

But in the case of the burning and injury to an orchard which can not be transplanted, and has no separate value independent of the real estate, the damages can not be estimated by mere speculation as to the value of the trees. It is an injury to the real estate, and, as was said in Missouri Pacific v. Haynes (Kan.), 42 Pac. Rep. 261, " Where the injury is to the real estate itself, the damages are to be measured by the difference in the market value of the land immediately before and after the injury. The market value of land injured by fire in burning up an orchard thereon should be established by the testimony of witnesses who are acquainted with the land and have some knowledge of the market value of the land in the neighborhood of the land injured."

In St. Louis & S. F. Ry. Co. v. Hoover, 43 Pac. Rep. 854, which is a case where trees in an orchard were burned by fire, it was held that the court erred in refusing to instruct that the measure of damages in this case is the difference in the market value of the property described in plaintiff's petition just prior to the fire and just afterward; quoting from the case of Missouri Pac. Ry. Co. v. Haynes, 1 Kan. App. 586, 42 Pac. Rep. 259, that " the burning and injury to the orchard was an injury to the real estate of the party, and the rule of damages in such case would be the damage done to the farm itself. Where the injury is to the real estate itself, the damages are to be measured by the difference in the market value of the land immediately before and after the injury."

It is too well settled to require the citation of authorities that fruit trees, berry bushes, etc., standing and growing upon land, are, as between the owner of the land and a mere tort-feasor, real property and a part of the freehold. It follows that an allegation of a tortious injury to or destruction

of such growing trees or bushes is, *ex vi termini*, an allegation of an injury to the freehold. The declaration, though merely alleging the burning and destruction of the trees and bushes standing and growing on the land, alleged what was in substance and legal effect an injury to the freehold. Such being the case, evidence of the value of the land before and after their destruction was competent, as tending to fix the amount of damages to the plaintiff's land or freehold thereby occasioned. The proper measure of damages was clearly the difference in the value of the land before and after the fire; and we think the jury were correctly instructed that in determining its value before the fire, they might properly take into consideration the various matters affecting its value specified in the instruction. Louisville, E. & St. L. Consol. R. R. Co. v. Spencer, 149 Ill. 97.

BRADBURY & MACHATTON and PARKER & CROWLEY, attorneys for appellee.

MR. PRESIDING JUSTICE CREIGHTON DELIVERED THE OPINION OF THE COURT.

This was an action on the case by appellee against appellant, in the Circuit Court of Crawford County, to recover damages for injury to appellee's property by fire.

The declaration consists of a number of counts alleging that appellee was owner of lands therein described, upon which were growing 400 bearing apple trees, seventeen acres of clover, twenty acres of timothy, and upon which were 400 rails in fence and seventy-five loads of manure spread on the ground; and that appellant was operating its railroad through said lands, and was possessed of its right of way sixty-six feet wide. Certain of the counts charge that appellant suffered combustible matter to accumulate on its right of way; that fire from its engines ignited this combustible matter and spread to and upon appellee's land, and burned and destroyed all of said trees, clover, timothy, rails and manure; and certain others charge that through carelessness and negligence of appellant, its engines threw out

sparks and set fire to combustible matter on appellee's land, which spread, burned and destroyed all of said property.

The cause was tried by a jury. Verdict for appellee for $1,500. Motions for new trial and in arrest of judgment overruled, and judgment on the verdict. Appellant excepted, appeals the case to this court, and urges, as grounds for reversal, that the weight of the evidence overcomes the presumption of negligence; that appellee was guilty of contributory negligence; that the court did not in its instructions give the jury a true rule for the measurement of damages, and that the verdict is excessive.

A strip of land 100 feet wide had originally been granted to appellant for right of way through the land of appellee, but the fences were so set that a strip only sixty-six feet wide was inclosed by appellant—thirty-three feet on each side of the center of the track of its road. The strip originally granted for right of way had been so treated and used by both parties, that for the purpose of this case the right of way was only sixty-six feet wide, and that portion of the original grant lying inside appellee's inclosure was part of his farm. The trial court so properly assumed and held.

The statute provides that "In all actions against any person or incorporated company for the recovery of damages on account of any injury to any property, whether real or personal, occasioned by fire communicated by any locomotive engine while upon or passing along any railroad in this State, the fact that such fire was so communicated shall be taken as full *prima facie* evidence to charge with negligence the corporation or person or persons who shall at time of such injury by fire be in the use and occupation of such railroad."

The testimony shows that there were two fires which burned over portions of appellee's premises, and each caused injury to his property, and it also clearly shows the fact that both these fires were communicated by locomotive engines while being operated by appellant upon its railroad. Under the statute the burden is upon appellant to establish

such facts as will excuse it from the consequence of these fires. We have carefully examined and considered all the evidence in this record, and hold that the jury was warranted by the evidence in finding that issue for appellee.

It is urged that the second instruction given by the court at the instance of appellee is without support in the evidence, and is such error as calls for a reversal of the case.

That instruction is not so much dependent upon the evidence for support as on the statute.

While we do not approve the form of the instruction, yet it is within the statute and issues, and under the evidence in this case placed upon appellant no greater burden than would the giving of the statute to the jury in any other form.

Appellant contends that appellee was guilty of such contributory negligence as will bar a recovery and assigns as error the action of the trial court in refusing its tenth, eleventh, and twelfth instructions, which are:

"10. The court instructs the jury, if the jury believe from the evidence that the fire originated from a spark from the defendant's locomotive, and you further believe from the evidence that dry grass had been allowed to accumulate in the orchard to such an extent as to be the cause of the spreading of the fire through the orchard from the point where it originated, and burning the trees, and that except for this the trees would not have been burned, then if you find from the evidence that allowing such accumulation of dry grass is an act of negligence on the part of the plaintiff, and that he was not using ordinary care for the protection of his orchard, then for such loss so occasioned he can not recover. Refused.

11. The court instructs the jury, if they believe from the evidence that the plaintiff has allowed an accumulation of dry grass in his orchard and adjoining the defendant's right of way, which was the cause of the fire, after it caught, spreading throughout the orchard of the plaintiff and burning his apple trees, then you should consider under all the facts and circumstances in evidence whether such action on

the part of the plaintiff was negligence, and if you find that it was, and that such negligence on the part of the plaintiff aided in producing his loss, then for such loss he can not recover. Refused.

12. The court instructs the jury, that the law will not permit one to recover of another damages for a loss which has been occasioned by his own negligence. And in this case if you believe from the evidence that the plaintiff's loss in whole, or in part, was occasioned wholly, or increased in amount, by his own negligence, then for such loss occasioned by his own negligence, he can not recover. Refused."

The statute provides:

" It shall not, in any case, be considered as a negligence on the part of the owner or occupant of the property injured, that he has used the same in the manner, or permitted the same to be used or remain in the condition it would have been used or remained had no railroad passed through or near the property so injured."

It is argued in support of these instructions that the real intent of the legislature in passing this act was to provide a rule in reference to uses and conditions of property existing before the construction of a railroad; that it does not apply to uses or conditions coming into existence after a railroad has been constructed, and that such is the true meaning of the statute. We are of opinion that, as to all property not upon the right of way, nor on railroad premises, the statute applies the same to uses or conditions arising after the construction of a railroad as to those existing before. We find no testimony in this record tending to show any use or condition of any part of appellee's premises or property that could deprive him of the benefit of this statute, and hold that the trial court properly refused appellant's tenth, eleventh and twelfth instructions.

In appellant's supplemental brief it is contended that the fruit trees, meadows and fence destroyed in this case were parts of the realty; that the injury was to real estate, and that the measure of damages in such cases is the difference between the value of the real estate before the injury and

its value after the injury, and that the court ought to have so instructed the jury. It is true that the improvements destroyed were parts of the realty and the injury was to real estate. The damage recoverable in such cases is the amount that the realty, as a whole, has been lessened in value by the destruction of such parts. Usually in this class of cases a rule for the admeasurement of damages can properly be given to the jury expressed in the form contended for by appellant. These contentions suggest interesting questions discussed by us at some length in the case of the Chicago and Alton Railroad Company v. Davis, page 595 this volume. The condition of the record in the present case is such that we do not feel called upon to discuss these questions here.

Appellee on the trial proceeded, without objection, to establish his damages by offering proof of the value of the items and parts destroyed, and appellant on its behalf produced and examined a large number of witnesses on the same line, and did not offer any testimony as to the value of the real estate before and after the injury. Both parties elected to pursue the same method of proof; and as to measure of damages both parties asked and received the same character of instructions. Appellant did not ask the court to give the rule now contended for, the case was not tried upon that theory, nor was any request made to the court to have it tried. The question was in no manner raised in the Circuit Court.

Lastly, it is insisted that the verdict is excessive. The only contest as to amount of damages was upon the injury sustained by the loss of the apple trees that were totally destroyed. Upon that question appellee produced ten witnesses and appellant seven, and when we add to the amount, fairly shown by the evidence for the items not contested, what must have been allowed by the jury for the trees totally destroyed, we find that it falls far below the estimates of appellee's witnesses, and wholly within the estimates of appellant's own witnesses. Complaint is made of the action of the court in modifying one of the appellant's instructions and of two instructions given for appellee on

this branch of the case, but the verdict of the jury as to amount of damages is so abundantly supported by the evidence that it is apparent the jury were not misled. In our opinion substantial justice will be done in this case by affirmance of the judgment of the Circuit Court.

Judgment of the Circuit Court affirmed.