NETTA J. WINNARD *et al.* Appellees, *vs.* WILLIAM H. CLIN-TON, Appellant.

*Opinion filed February 20, 1908—Rehearing denied April 9, 1908.*

1. RES JUDICATA—*when party cannot insist that decree is res judicata.* In a partnership accounting, if the cross-complainant consents to the entry of an order satisfying the decree in so far as it found an amount due in his favor without the payment of any money to him, and both parties thereafter proceed to take testimony and have the account taken under the original bill upon the theory that the order entered in effect vacated the first decree, he will not be permitted, on appeal, to change his position and insist that such decree was *res judicata.*

2. PARTNERSHIP—*when depreciation in value of property can not be deducted from profits.* Where the contract of partnership in the livery business provides that one partner shall furnish the real estate and personal property and shall "receive all of one-half the profits in said business as compensation for the use of said

real estate and personal property," depreciation in the value of the property cannot be deducted from the gross profits in ascertaining the amount of each partner's share of the profits, even though the effect is to make the loss by depreciation fall wholly on the partner furnishing the property.

3. SAME—*when the cost of auditing books is not to be deducted from partnership profits.* A sum of money paid to an audit company employed by one partner to examine the books of the partnership for his own purposes, without the knowledge of the other partner, who objected to the employment as soon as she learned thereof, cannot be treated as an expenditure on account of the firm in stating an account between the partners.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. G. A. CARPENTER, Judge, presiding.

This is an appeal by William H. Clinton from a judgment of the Appellate Court for the First District which affirmed the decree of the circuit court of Cook county requiring appellant to pay to Netta J. Winnard (one of the appellees, who will be herein designated as appellee,) the sum of $593.35, the amount found to be due her upon a hearing in that court on her bill for dissolution of a partnership between herself and appellant and for an accounting.

Appellant and appellee were partners in the livery business in the city of Chicago. By their partnership agreement each was to receive one-half of the profits arising from the business. Appellant was to contribute to the partnership the use of certain real estate owned and to be improved by him and the use of certain personal property to be purchased by him, all of which was to cost not to exceed $12,000. Appellee was to employ H. Ellis Winnard, her husband, who was to devote his whole time and attention to the management of said business and was to be paid for his services by her. The parties to the contract were not to devote their personal services to the business. They were to bear equally

233—21

the losses and expenses of the enterprise, except the salary of H. Ellis Winnard. An account was to be taken and an adjustment of the undivided profits made on January 1 of each year. The contract also provided that as soon as the cost of the real estate and the improvements to be placed thereon by appellant had been ascertained and the cost of said personal property to be furnished by him had been determined, he would sell a one-half interest in all of said property to appellee at one-half the cost price of the whole, and provided that appellee should pay appellant for the same within five years, paying in the meantime at least $200 a year on the personal property so purchased and not less than $300 a year on the real estate. The indebtedness to appellant for purchase money was to be evidenced by promissory notes signed by appellee and her husband.

After the business had been conducted for a period of about fifteen months, and before any of the property mentioned in the contract had been conveyed or transferred to appellee, and before she had paid anything or given any promissory note on account thereof, appellee, on September 3, 1903, filed her bill in the circuit court of Cook county against the appellant, alleging that said partnership was the owner of a large amount of personal property used in and about the said business; that appellant had received $500 more than his share of the profits arising from said business and refused to account for the same, and that there had been a disagreement between said partners as to the manner of conducting said business. The bill prayed for the appointment of a receiver, an accounting and a dissolution of the partnership.

To the bill an answer was filed by appellant on September 4, 1903, which denied that he had received more than his share of the profits of said business and denied that said partnership was the owner of a large amount of personal property; alleged that he was the owner of said personal property, consisting of horses, harness, etc., and that said

property had been purchased by him at a cost of $4500; that about six days before the filing of the bill, he, with appellee, selected two appraisers, who had appraised the personal property and fixed its value at $2970.65; that said property had deteriorated in value since it was purchased by him and placed in said business, and that such deterioration, if set off against the gross profits, would make a loss in said business, and upon that basis appellee had received $1001.52 more than her proportion of the profits; that she had not purchased a one-half interest in the real and personal property in accordance with the terms of their contract, and that more than one year had elapsed since the first payments should have been made on account of appellee's agreement to purchase, and no payment had been made by her.

On the day following the filing of the answer appellant filed a cross-bill, making appellee and H. Ellis Winnard defendants, setting out substantially the same facts as alleged in his answer; praying for an injunction restraining the defendants from applying any of the partnership funds to their own use and from receiving or collecting any of the partnership debts. A summons was served on H. Ellis Winnard, and neither he nor appellee having answered within the time fixed by the court, they were defaulted on September 23, 1903. The court then found the allegations of the cross-bill to be true and entered a decree dissolving the partnership, finding that the appellant was the owner of all the unpaid accounts and property theretofore used in said partnership, and requiring appellee to pay to appellant the sum of $1001.52, with interest, within ten days from date. On the following day an answer was filed by appellee to the cross-bill without leave, denying that any money was due appellant. Further proceedings on the decree were stayed by orders of the court entered at various times, and on December 7, 1903, appellee filed her motion to set aside the decree of September 23, to dismiss the cross-bill for want of equity, and to refer the cause to a master in chancery to

take proofs and make report. On February 9, 1904, the court overruled the motion to set aside the decree, but with the consent of appellant, and without any money having been paid to him, entered an order satisfying the portion of the decree which adjudged Mrs. Winnard to pay $1001.52 to appellant. On March 1, 1904, replications having been filed, an order was entered referring the cause to the master to take an account of the partnership dealings up to September 23, 1903. During the existence of the partnership up to that time the personal property placed in the business by the appellant had depreciated in value to the amount of $2652.25, horses had died valued at $215, and appellant at his own instance expended the sum of $250 to have the books of the partnership posted and audited. The master found that these three items were not proper charges to be made against the firm and that there was due from appellant to appellee the sum of $593.35. It was admitted by Mrs. Winnard before the master that the appellant was the owner of all the personal property used in the business. Objections to the master's report were overruled and ordered to stand as exceptions, which, upon a hearing before the chancellor, were overruled. A decree was then entered confirming the report of the master.

It is contended by appellant (1) the court erred in not holding that the decree of September 23, 1903, was a final adjudication of the case; (2) the court erred in finding that the amount of the deterioration of the property, the loss by death of horses and the amount expended in posting and auditing the books were not proper charges against the partnership; (3) the court erred in entering the decree in favor of the appellee and in not entering a decree for the sum of $886.49 in favor of appellant.

The manner in which appellant arrives at the amount last stated is not clear. Computation indicates that if his claims be allowed the decree in his favor should be for an amount in excess of $900.

A. D. GASH, for appellant.

CURREY & ALLEN, and MICHAEL D. DOLAN, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It is first contended that the decree rendered upon the cross-bill under date of September 23, 1903, was a final adjudication as to the dissolution of the partnership and as to the accounting between the partners. This defense was not made in the circuit court. The parties there evidently regarded the order of February 9, 1904, which satisfied the decree upon the cross-bill in so far as that decree purported to fix the amount due from one of the partners to the other upon the accounting, as, in effect, an order vacating that part of that decree. Both thereafter proceeded to take testimony and have the account stated on that theory. Appellant will not now be permitted to take an inconsistent position. *Gehrke* v. *Gehrke,* 190 Ill. 166, and cases cited.

During the continuance of the partnership the personal property used depreciated to the amount of $2652.25 and horses to the value of $215 were lost by death, making an aggregate loss of $2867.25. Appellant contends that this should be regarded as a partnership loss; that as all the personal property belonged to him appellee should be held liable for one-half of this amount, and that the result of holding that this is not a partnership loss will be to permit appellee to share in the profits of the enterprise and compel appellant to suffer all the losses, and authorities are cited to show that this may not lawfully be done. This case, so far as this question is concerned, turns not upon the general rule relied upon by appellant, but upon the provisions of the contract itself, which recites that "said real estate and personal property to be used by said firm for one-half of the profits of said business going to said Clinton, as herein-

after specified, * * * and said Clinton is to receive all of one-half of the profits in said business as compensation for the use of said real estate and personal property aforesaid." We think, in view of this language quoted from the contract, and in view of the fact that according to the terms of that instrument appellee, by purchase from appellant, was to become the owner of the one-half of the personal property in question, it is clear that the parties did not intend to deduct from the gross profits the depreciation in the value of the personal property used in the business in ascertaining the amount of the net profits. Appellant by his contract has precluded the court from applying the rule upon which he relies.

No attempt is made to recover any damages from appellee consequent upon the fact that the purchase which she bound herself by the contract to make was not consummated, nor has appellant sought to charge her with any portion of the purchase money. In fact, it is not made to appear by the evidence that she was in default so far as the agreement to purchase is concerned.

Appellant employed an audit company to examine the books of the firm and make a statement of the account. He paid that company for its services the sum of $250, and contends that this should be regarded as an expenditure on account of the firm and appellee required to pay the one-half thereof. Appellee was not consulted about the employment of this company. As soon as she learned that it had been engaged she objected. It is apparent that Clinton was having the examination made for his own purposes and not for the benefit of the firm. Under these circumstances the court properly refused to charge appellee with any part of the item.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*