## Earnest Favro, Administrator, Appellant, v. Superior Coal Company, Appellee.

1. MINES AND MINERALS, § 141*—*when declaration not demurrable as stating too high a duty*. In an action to recover damages for the death of a mule driver in defendant's mine, a statement in the declaration that it was the duty of defendant to furnish proper and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

suitable means and appliances, *held* not to render the declaration subject to a general demurrer on the ground it states a higher duty than the law requires since the statement, in so far as it imposes too high a duty, may be regarded as surplusage, when from the facts stated the law will imply a legal duty.

2. Workmen's Compensation Act, § 5*—*sufficiency of declaration in suit based on Workmen's Compensation Act.* Where an employer within the meaning of the Workmen's Compensation Act of 1911, J. & A. ¶¶ 5449, *et seq.*, has elected not to accept the provisions of the act in a suit against him to recover for the death of an employee, the declaration need not allege that the employee had or had not accepted the act, since under the act the rejection of it by the employer precluded the employer from right of election.

3. Workmen's Compensation Act, § 2*—*when employee precluded from right of rejecting provisions of Compensation Act.* Under the Workmen's Compensation Act of 1911, J. & A. ¶¶ 5449, *et seq.*, the employee has no right of election where the employer has elected not to accept the provisions of the act.

Appeal from the Circuit Court of Macoupin county; the Hon. Robert B. Shirley, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded with directions. Opinion filed July 2, 1914.

James H. Murphy and D. G. Williamson, for appellant.

Edward C. Knotts, for appellee. ·

Mr. Presiding Justice Thompson delivered the opinion of the court.

This is an action on the case begun by the administrator of the estate of Olindo Barnardino, deceased, to recover damages from the Superior Coal Company for negligently causing the death of the intestate. The declaration contains one count. A demurrer was sustained to it, and judgment rendered against plaintiff in bar of the action. The plaintiff appeals.

The declaration avers that the defendant on May 25, 1912, and for one year next preceding in Macoupin county, controlled, operated and managed a certain coal mine and was engaged in mining and raising coal

from said mine and employed divers employees in and about said work, and by means of the premises came within the provisions of a statute of the State of Illinois, entitled "An Act to promote the General Welfare of the People of this State by Providing Compensation for Accidental Injuries or Death Suffered in the Course of Employment" (J. & A. ¶¶ 5449 *et seq.*), and avers that on or before May 1, 1912, defendant filed with the State Bureau of Labor Statistics a notice in writing of said defendant's election not to provide and pay compensation according to the provisions of said act, and was not, at the time of the injury and death of said Barnardino, bound to pay its employees the compensation provided by said act; avers that on the day aforesaid in a certain entry in said mine, etc., plaintiff's intestate was then and there and for more than a month prior thereto had been employed by the defendant as a driver, and was on said day at work as such driver in said entry and in pursuance of his said employment engaged in driving a certain mule hauling two mine cars along said entry in a southerly direction at a certain described location, said mule being attached to the forward car by means of a tail chain having a hook at the end thereof fastening the same to said car; that it was the duty of defendant to furnish to intestate for use in his work as aforesaid proper and suitable means and appliances to perform his said work as a driver with reasonable safety; that the defendant negligently failed to perform its duty in that behalf, but on the contrary furnished a certain tail chain which was unsafe and defective in that it had a flat hook at the end to be attached to a car for hauling the same; that said hook was not sufficiently curved and was therefore likely in the course of intestate's work to become unfastened from the car and cause said intestate to fall in front of the car and be injured or killed, all of which defendant knew or by the use of ordinary care would have known; that while

the intestate was driving said mule hauling said two cars of coal, etc., said hook by reason of the defect aforesaid. became detached from said car causing the intestate, then and there riding on said car in the usual manner, to fall in front of said car, by means whereof the car ran upon the intestate with great force and violence, whereby his skull was fractured and by reason whereof he shortly thereafter died; avers that said intestate left surviving his father, mother, brothers, and sisters, etc., as his only heirs, etc.

The demurrer is only a general one. One contention of defendant is that the declaration averring "that it then and there became and was the duty of the said defendant to furnish to the plaintiff's intestate proper and suitable means and appliances" is an express allegation of a positive duty and makes the defendant an insurer. The declaration avers the facts on which a recovery is sought, and fully states the facts wherein it is averred the defendant was negligent and which it is averred were known or with reasonable care would have been known to defendant. The statement of the duty stronger than the law requires is surplusage, when the facts are stated from which the law will imply the legal duty of the employer. The statement that it was the duty of defendant to furnish proper and suitable means and appliances includes the statement that it was the duty of defendant to use reasonable care to furnish means and appliances which were reasonably safe when the facts are stated.

It is further contended that the declaration is fatally defective because it makes no averment concerning the acceptance or rejection by the appellant of the Employers' Liability Act. Under the act the employer must first elect whether to pay the compensation fixed by the act or remain liable for damages under the law as it was prior to the taking effect of the act, deprived however of certain defenses. If the employer elects to pay compensation under the act then the employee is also bound by the act unless, within

thirty days after the hiring or taking effect of the act, he shall file a notice of his rejection of the act. If the employer elects not to accept the provisions of the act then he is penalized by being deprived of the defenses of assumed risk, negligence of a fellow-servant and want of ordinary care or contributory negligence of the employee. While if the employer elects to pay compensation according to the act then the employee may by filing a notice, elect not to accept compensation under the act and may retain his claim for damages under the law prior to the taking effect of the act, and in that event the employer may interpose the defenses of assumed risk, negligence of a fellow-servant or contributory negligence.

Where an employer refuses to accept the provisions of the Act of 1911, an employee has no option in the matter. It is only when the employer accepts its provisions that the employee may reject it and must give notice thereof. Employer and employee automatically accept the provisions of the act by not filing an election not to accept the act, and under the act the employee only has the right of election where the employer has elected to accept its provisions. It was unnecessary to aver that the employee either had or had not accepted it, since under the act the rejection of it by the employer precludes the employee from rejecting it. It was said in *Dietz v. Big Muddy Coal & Iron Co.*, 263 Ill. 480, 5 N. C. C. A. 419, where the declaration contained an averment that the plaintiff had accepted the act: "We find no provision in the act which confers upon the employee the right to elect to be governed by the act in his relations to an employer who has rejected the act. * * * This averment, however, may be regarded as surplusage and of no legal consequence whatever." We conclude, therefore, that the court erred in sustaining the general demurrer. The case is reversed and remanded with instructions to overrule the demurrer.

*Reversed and remanded with directions.*