## Joseph Synkus, Appellee, v. Big Muddy Coal & Iron Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Jackson county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914. Rehearing denied October 28, 1914.

### Statement of the Case.

Action by Joseph Synkus against the Big Muddy Coal & Iron Company to recover for injuries received by plaintiff on account of an explosion of gas in defendant's mine. The case was submitted to the jury on two counts in the declaration. One count was based upon a violation of clause "b" of section 24 of the Miners' Act (J. & A. ¶ 7498). The other was a common-law count averring an unsafe place to work, a

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

negligent order of defendant's foreman and plaintiff's reliance upon the promise made by the foreman of want of danger, etc. Both counts alleged that defendant had rejected the terms and provisions of the Workmen's Compensation Act of 1911 (J. & A. ¶¶ 5449 *et seq.*). To the declaration defendant filed the plea of general issue. Plaintiff had verdict and judgment for three thousand dollars and a motion for a new trial was overruled. To reverse the judgment, defendant appeals.

Defendant urged as ground for reversal: That defendant was operating at the time of the injury under the Workmen's Compensation Act of 1911; that the court erred in admitting certified copies of letters and notices to the Secretary of State of Illinois, and to the State Bureau of Labor Statistics; that defendant was not deprived of its common-law defenses; that the court erred in instructing and refusing to instruct the jury and in rejecting evidence offered by defendant.

DENISON & SPILLER and JOHN M. HERBERT for appellant; MASTIN & SHERLOCK, of counsel.

THOMAS R. MOULD and SCHWARTZ & HAYS, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

### Abstract of the Decision.

1. WORKMEN'S COMPENSATION ACT, § 2*—*duration of election.* Under the provisions of the Workmen's Compensation Act of 1911 (J. & A. ¶¶ 5449 *et seq.*), where an employer files the proper notice rejecting the provisions of the act the notice stands as a negative election until it is withdrawn, and the fact that the employer does not give a further notice, sixty days previous to the first day of the following year, does not automatically constitute an election by him to accept the provisions of the act.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. WORKMEN'S COMPENSATION ACT, § 2*—*burden of proving election to come under act.* In an action against an employer for personal injuries, where the employer claims to have elected to come under the Workmen's Compensation Act of 1911, the plaintiff has the burden of proving that defendant had rejected the act by showing that the proper notice had been filed with the Bureau named in the act.

3. WORKMEN'S COMPENSATION ACT, § 2*—*when employer deprived of common-law defenses.* An employer who has elected to reject the provisions of the Workmen's Compensation Act of 1911 is deprived of his common-law defenses though the employee has not elected to come under the act.

4. WORKMEN'S COMPENSATION ACT, § 2*—*evidence admissible to prove election.* In proving that an employer elected to reject the provisions of the Workmen's Compensation Act of 1911, a copy of the notice of election certified to by the person charged with the custody of the original is admissible as the best evidence.