## Peter Zukas, Appellee, v. Appleton Manufacturing Company, Appellant.

### Gen. No. 6,140.    (Not to be reported in full.)

APPEAL AND ERROR, § 369*—*when party trying case on erroneous theory may not complain.* Where, in an action at common law for injuries to an employee which were within the scope of the Workmen's Compensation Act of 1913 [Cal. Ill. St. Supp. 1916, ¶ 5475 (1) *et seq.*], the plaintiff in his declaration made no reference to such act and the defendant pleaded the general issue, and no reference was made to the act in the trial of the case except when the defendant's objection to the plaintiff's offered proof that the defendant had elected not to pay compensation under the act was sustained, and the common-law defenses were presented and passed upon and the case tried throughout on the theory of a common-law action with the acquiescence of both parties, the defendant's assignment of error that, there being no allegation or proof that the parties were not operating under the act, the trial court was without jurisdiction, *held* without merit.

Appeal from the Circuit Court of Kane county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 19, 1916.

THOMAS C. ANGERSTEIN, for appellant; ADRIAN F. SHERMAN, of counsel.

SCHUYLER F. LYNN, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

October 20, 1913, appellee, Peter Zukas, a minor, was employed by appellant, Appleton Manufacturing Company, in its foundry at Batavia, Illinois, and in the course of such employment was injured because of an explosion caused by dumping the cupola. The business was clearly within the provisions of the Workmen's Compensation Act of 1913 [Cal. Ill. St. Supp. 1916,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

¶ 5475 (1) *et seq.*] and under section 2 of that Act appellant is presumed to have elected to provide and pay compensation according to its provisions. Section 6 abolishes all common-law or statutory right to recover damages for injuries sustained by an employee covered by the act other than the compensation therein provided. The employer is given the privilege of rejecting the provisions of the act, and if he exercises that right, the employee has no option. If the employer accepts the provisions of the act then the employee has the right to reject its provisions. If the employer rejects the provisions, a common-law action for damages may be brought and tried with certain defenses theretofore existing denied him. If the employer accepts and the employee rejects the provisions, then a common-law action may be brought subject to common-law defenses. In the absence of any showing to the contrary, the presumption is that the parties are operating under the provisions of the act. In this respect the Statute of 1913 does not materially differ from the previous Act of 1911. If the parties were not operating under the act the common-law action could only be maintained by the plaintiff's averring and proving that fact. *Dietz v. Big Muddy Coal & Iron Co.*, 263 Ill. 480 [5 N. C. C. A. 419]; *Krisman v. Johnston City & Big Muddy Coal & Mining Co.*, 190 Ill. App. 612; *Synkus v. Big Muddy Coal & Iron Co.*, 190 Ill. App. 602; *Favro v. Superior Coal Co.*, 188 Ill. App. 203. June 12, 1914, Zukas, by his next friend, began this common-law suit to recover for that injury, and filed a declaration in case entirely ignoring the existence of the Compensation Act. Appellant pleaded the general issue. There was a jury trial with verdict and judgment of $2,500 for the plaintiff. No reference was made to the act on the trial except the plaintiff offered to prove that the defendant had elected, as provided in section 2, not to pay compensation under the provisions of the act, which proof was objected to by the defendant and

the objection sustained on the ground that there was no foundation for it in the pleadings. The common-law defenses of assumed risk and contributory negligence were presented by the defendant and passed upon. Instructions were asked and given thereon, although if it were true that appellant had rejected the provisions of the act, these questions were excluded by section 3. The court was asked by the defendant at the close of plaintiff's evidence to direct a verdict; and again at the close of all the evidence, and reasons in writing assigned therefor, with no reference directly or indirectly to the defense that the common-law right of recovery was abolished by statute. Points in writing were filed in support of defendant's motion for a new trial with no reference to that defense. In short, the defendant not only acquiesced in the plaintiff's theory that the Compensation Act could be utterly ignored, but actively aided in establishing that theory on the trial of the case. It, however, assigns here as error that "there being no allegation or proof that plaintiff and defendant were not operating under the Workmen's Compensation Act of Illinois, the court was without jurisdiction, and the court erred in assuming jurisdiction." Appellee answers that appellant should not now, on appeal, be permitted to raise that question. This is the controlling question presented by the record here. It is not much argued by counsel. At first blush it seems absurd that a plaintiff could be permitted to hold a judgment on a right of action that has been expressly abolished by statute before the time of the grievance complained of; but the general rule, subject to few exceptions, is that questions of whatever nature not raised and properly preserved for review in the trial court will not be noticed on appeal. 3 Corpus Juris 689. The subject is exhaustively treated in that work under the head of "Presentation and Reservation in Lower Court of Grounds of Review." The main

exception to the rule is want of jurisdiction. Id. 752. It was held in *City of Mattoon v. Noyes,* 218 Ill. 594, 597, that a defense not made in the court below will not be considered on appeal, citing earlier authorities. This rule is recognized in *City of Chicago v. Duffy,* 179 Ill. 447, 456, and in *People v. Hanson,* 150 Ill. 122, 127. In *Illinois Cent. R. Co. v. Heisner,* 192 Ill. 571, 573, the litigants proceeded in the trial of the cause upon the theory that it was controlled by a question of fact, and the court said: "Under a familiar rule, the attitude of the parties remains the same in this as in the trial court, and the controversy between them is to be determined on the theory which they adopted and proceeded upon in the trial court," and the court proceeded to determine the cause upon that theory, expressly refusing to render any opinion whether the theory was correct or not. In *Grubb v. Milan,* 249 Ill. 456, 463, the case was tried on inconsistent theories, sometimes as an action in assumpsit, and at others as an action on the case for fraud and deceit. The defendant did not object and it was held that he could not, on appeal, complain. In *Davis v. Illinois Collieries Co.,* 232 Ill. 284, 291, it was said: "A party cannot, in a reviewing tribunal, succeed upon a theory of the law inconsistent with that upon which he tried his cause in the *nisi prius* court." This same rule is recognized in *City of Chicago v. University of Chicago,* 228 Ill. 605. In *Oliver v. Oliver,* 179 Ill. 9, 14, it was held that a party could not complain of an erroneous decree "as it was an error that he asked the court to commit," citing earlier Illinois authorities. In *Mueller v. Rosen,* 179 Ill. 130, the defendant was not permitted to interpose a clause in a contract prohibiting recovery except on a condition precedent, because he did not present that defense below. In *Winnard v. Clinton,* 233 Ill. 320, the defendant was denied the right to change his position on appeal, as also in *Jones v. Knights of Honor,* 236 Ill. 113, and *N. K. Fairbank Co.*

*v. Nicolai,* 167 Ill. 242. In the latter case the court
said the defendant "cannot now be permitted to aban-
don the theory to which it assented on the trial and
substitute another." In *Cleveland, C., C. & St. L. Ry.
Co. v. Stephens,* 74 Ill. App. 586, 594, the court said:
"Both parties elected to pursue the same method of
proofs; and as to measure of damages, both parties
asked and received the same character of instructions.
Appellant did not ask the court to give the rule now
contended for, the case was not tried upon that theory,
nor was any request made to the court to have it tried.
The question was in no manner raised in the Circuit
Court." The general principles applicable are stated
as follows in Corpus Juris. A defendant cannot urge
a defense in the Appellate Court inconsistent with the
defense or defenses he relied upon in the court below.
3 Corpus Juris 698. An objection to the validity of a
contract or instrument in suit cannot be urged for the
first time in the Appellate Court. Id. 700. A party
cannot raise the objection that a contract ordered was
erroneously construed, or that the court found er-
roneously as to its existence or terms, where no such
question was raised by the pleadings, or otherwise, in
the lower court. Id. 703. That notice of an injury was
not given to a city or other municipality before bring-
ing suit, or that a notice was insufficient, that there
was no tender or an insufficient tender, or that plaintiff
has otherwise failed to comply with or perform a con-
dition precedent to his right to maintain the action,
cannot be raised for the first time on appeal. Id. 706.
Objection that plaintiff could not recover for extra
work under the contract in suit because of the provi-
sion in the suit for arbitration in relation thereto, can-
not be raised for the first time on appeal. Id. 707.
Where a party contends in the trial court that a partic-
ular section of the statute of limitations is applicable,
he cannot, on appeal, shift his position and urge that a
different section applies. Id. 710. The constitutional-

ity of a statute cannot be first questioned on appeal when it depends upon questions of fact as well as of law. Id. 711. A party cannot, on appeal, assume an attitude inconsistent with that taken by him on the trial. Parties are restricted to the theory on which the cause was prosecuted or defended in the court below. Id. 718. This rule applies to both prosecution and defense. Id. 720. A party is bound in the Appellate Court as to the nature and form of the action or proceeding by the theory on which the pleadings were construed and the action of proceeding was tried in the court below. Id. 723. Where an action or proceeding is treated in the trial court as having been brought under a particular statute, that theory will be adhered to on appeal. And where an action is tried as based on a statute, it will not be treated on appeal as an action at common law. Id. 725. Even on the question of jurisdiction where a court has general jurisdiction of a class of cases, an objection that because of irregularities or other special circumstances it had no jurisdiction of the particular case belonging to that class, or that it had no jurisdiction to render the particular judgment, must generally have been made in the court below. Id. 753.

The trial court had jurisdiction of the parties and of a common-law action on the case to recover damages for personal injury. Under the pleadings and the evidence there could properly be no recovery in this case had the defense here first suggested been made in the trial court. Where a defense is denied by a reviewing court because not presented in the court below, the plaintiff is permitted to recover where he perhaps, or certainly, was not entitled to recover had the defense been there made. We conclude that appellant cannot be heard now to complain that the case was tried under the wrong theory of the law. On an examination of the record we are of the opinion that had there been no question of the Employers' Liability Act involved, no

substantial error was committed in the trial of the case. For the reasons above stated the judgment is affirmed.

*Affirmed.*