A. F. Dougherty, Appellee, v. A. B. Bliss, Appellant.

Gen. No. 8,040.

1. APPEAL AND ERROR—*when defendant submitting to jurisdiction cannot question it on appeal.* Where defendant in replevin submits to the trial court's jurisdiction by pleading and going to trial, he cannot first raise on appeal from the judgment the objection that the trial court was without jurisdiction because the property described in the writ was not seized by the sheriff.

2. REPLEVIN—*sufficiency of evidence to show ownership of property.* Evidence in replevin for a photographic negative that the plaintiff agreed to pay and paid the cost of making the negative and for a dozen prints therefrom justifies the trial court in finding that the negative belonged to the plaintiff rather than to the defendant who claimed it on the ground that the pay was for the work involved in order that the prints could be made.

Appeal by defendant from the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed April 22, 1927.

COVEY & WOODS, for appellant.

C. EVERETT SMITH, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellee A. F. Dougherty commenced an action in replevin in the circuit court of Logan county to recover the possession of a "negative" made of a picture of Abraham Lincoln, which he claimed to own. A writ of replevin was issued, returnable to the May term, 1921. The service of the writ by the sheriff was indorsed thereon, namely, as follows: "I have duly served the within writ upon the within named A. B. Bliss by reading and at the same time delivering to him a true copy thereof this 5th day of May, 1921. Possession of property named in this writ not taken." The appellant Bliss was served and appeared in court by his attorneys, and filed three pleas in defense of the action, namely, *non cepit, non detinet* and a plea of property in the defendant, and issue was joined on these pleas, and thereafter a jury was waived by agreement of the parties, and a trial had by the court, and the trial resulted in a finding by the court that from the evidence produced the right of possession of the "negative" in question was in the appellee, and that the appellant was guilty of wrongful detention of the negative, and the court assessed one cent damages. Thereafter on the same day, on motion of the appellee, the court ordered the "negative" in question, which had been brought into court under a subpoena *duces tecum* to be used as evidence in the trial, and had been impounded with the clerk for that purpose, be turned over to the appellee. An appeal is prosecuted from the judgment.

Appellant contends that inasmuch as the property described in the writ of replevin was not seized by the sheriff, the court was without jurisdiction to try the case or the issues in which appellant joined. We cannot agree with this contention. The court had jurisdiction of the subject matter of the suit, the right to the property and possession thereof, and the court also had jurisdiction of the person of the appellant, and the appellant submitted himself to the jurisdiction of the court by joining in the issues raised by the pleadings, and submitting them to the court, and waiving a jury for that purpose; and adducing evidence to the court to bring about and obtain an adjudication of the matter, and the court made a finding and rendered a judgment concerning the matter in issues, which he seeks now to have reviewed by this court. By the action of the parties the character of the suit was changed from a suit *in rem* to a personal action for the determination of the property rights which were involved, and the recovery of damages. "A party cannot in a reviewing tribunal succeed upon a theory of the law inconsistent with that upon which he tried his case in the *nisi prius* court." *Davis v. Illinois Collieries Co.,* 232 Ill. 284; *Zukas v. Appleton Mfg. Co.,* 200 Ill. App. 403. Under the familiar rule the attitude of the parties remains the same in this as in the trial court, and the controversy between them is to be determined on the theory which they have adopted and proceeded upon in the trial courts. *Illinois Cent. R. Co. v. Heisner,* 192 Ill. 571; *Grubb v. Milan,* 249 Ill. 456; *City of Chicago v. University of Chicago,* 228 Ill. 605; *Oliver v. Oliver,* 179 Ill. 9; *Mueller v. Rosen,* 179 Ill. 130; *Winnard v. Clinton,* 233 Ill. 320; *Jones v. Supreme Lodge Knights of Honor,* 236 Ill. 113; *N. K. Fairbank Co. v. Nicolai,* 167 Ill. 242; *Cleveland, C., C. & St. L. Ry. Co. v. Stephens,* 74 Ill. App. 586.

It is further contended that the evidence is insufficient to show that the appellee was entitled to the pos-

session of the property involved, or that the detention of the same by the appellant was wrongful. This question in this case is to be determined on the basis of the ownership of the property. The testimony of the appellee on this point is as follows: "I took this photograph to the defendant to have it copied, enlarged so that I could market it. Told him to make a good 7 by 9 negative, get all there was in the picture. I asked him what he would charge and he said, 'I will make the negative for $4.00. I will make as many prints as you like for 35 cents each.' I told him to make the negative, and to make one print and I would look at it and see if it suited me. I looked at the print and bought a dozen." The evidence also discloses that the appellee settled for the negative by doing some picture framing for the appellant, and that this work squared their accounts, and that in this way the appellant was paid for making the negative. The appellant contends that the inference should be drawn from this contract with appellant for the making of the "negative"; that the negative was to become the property of the appellant; that he would make the negative for his own use as a photographer. It is not a reasonable inference to assume that appellee would pay the cost of making the "negative" in order to have it become the property of appellant after appellee had paid for it. We are of opinion that the court drew the proper inference from the testimony referred to, namely, that the appellant was making the "negative" for the appellee; and that when the appellee paid for the "negative," it became his property; and that therefore the appellant was guilty of a wrongful detention of the same.

In view of the conclusions we have reached, it seems unnecessary to discuss the questions raised concerning the matter of the issuance of alias and pluries writs of replevin after the return of the original writ, also the question raised about the validity of the order to

the clerk, directing him to turn the "negative," which the court had impounded with the clerk, over to the appellee. The latter question is not involved in this appeal.

For the reasons stated, the judgment is affirmed.

*Affirmed.*