Harry Goldstine Realty Company, Appellee, v. City of Chicago, Appellant.

Gen. No. 41,084.

558

Opinion filed October 1, 1940.   Rehearing denied October 15, 1940.

BARNET HODES, Corporation Counsel, for appellant; ALEXANDER J. RESA and L. LOUIS KARTON, Assistant Corporation Counsel, of counsel.

ALEO E. WEINROB, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In an action brought to recover compensation for additional services rendered by plaintiff's assignor as a valuator of real estate in connection with the North State street subway in the year 1931, upon trial by the court, there was a finding for plaintiff with judgment for $8,000, from which defendant appeals.

It is argued for reversal the claim was barred by the statute of limitations; that an alleged contract of August 12, 1930, on which the suit is based, was void in violation of the statute, of the ordinances of the city and against public policy; further, that the court erred in denying motions of defendant for a finding in its favor and in entering judgment for plaintiff.

The services are claimed to have been rendered by Harry Goldstine, who assigned his claim for compensation to plaintiff corporation.   At the time of these services Goldstine was employed by the Board of Local Improvements of the city of Chicago as its chief valuator of real estate in connection with the widening of streets.   He received a salary of $100 per day.   August 12, 1930, Michael J. Faherty, president of the Board of Local Improvements, wrote him as follows: "I am in receipt of your favor of the 4th inst. with reference to your employment on the subway special assessment work in addition to your work as Chief Valuator for the Board of Local Improvements and in reply will say that I confirm my verbal conversation with you that in

your present work five hours shall be considered as a day and that the extra time required not to exceed five hours per day shall be charged for as overtime at the rate of $100.00 per day.

"You can, therefore, render your bills as heretofore for your work as Chief Valuator and in addition thereto render a bill for overtime in connection with subway work at the rate of $100.00 per day.

"For your information will say that I am submitting the foregoing to the Board at its meeting for their approval."

August 13, 1930, the Board of Local Improvements approved the above communication. Thereafter, Mr. Goldstine continued his services as chief valuator for five hours per day and in addition rendered other services five hours per day on subway matters. From April 6, 1931, to July 20, 1931, he performed these additional services in connection with the subway. He has been paid in full for his time as chief valuator. The city refuses to pay for the time he rendered services on the subway. This action is to recover for 400 hours additional time at $20 per hour.

Defendant contends the suit of plaintiff is barred by the statute of limitations (Ill. Rev. Stat. 1939, ch. 83, § 15, p. 1995 [Jones Ill. Stats. Ann. 107.275]). The additional services of Goldstine for which suit is brought were ended on July 20, 1931. The complaint was not filed until May, 23, 1938. If the action is regarded as one to recover compensation for services rendered under an oral agreement or for services rendered without a valid special agreement, the five-year limitation would be applicable. On the contrary, if we regard this suit as based on a valid written agreement the ten-year provision of the statute would apply and the action would not be barred. Goldstine was a civil service employee. Plaintiff stipulated on the trial that the record would show the Civil Service Commission carried him on the list and certified him. Plaintiff, however, ob-

jected to the materiality of the fact. Since Goldstine was within the classified civil service it is well settled by the decisions that the relationship which existed between him and the city was not contractual in its nature, and his right to compensation for his services does not rest on any contractual relationship but on the contrary on the rendition of services by him. *Gathemann v. City of Chicago,* 263 Ill. 292; *People ex rel. Reilly v. City of Chicago,* 337 Ill. 100, 104. Section 15 of the Illinois limitations statute provides in substance that the time limited for bringing civil actions not in writing and not otherwise provided for shall be five years, and it is well settled that an action for compensation for services rendered not based upon a written contract must be brought within five years. *Miller v. Cinnamon,* 168 Ill. 447. We have seen the additional services of Goldstine for which suit was brought were rendered for a period beginning April 6, 1931, and ending July 20, 1931, and that suit was not instituted until May 23, 1938. We hold the action is barred by the statute.

It is, therefore, unnecessary to decide the question of whether the letter of August 12, 1930, written by Faherty, approved by the Board of Local Improvements on the following day and accepted by Goldstine, was a written contract within the meaning of the Limitations Act. Assuming it to be a complete written contract, we hold, nevertheless, plaintiff could not recover on it for the reason that such a contract would be void as made in violation of the statute of the State and the ordinances of the city and because it would be contrary to public policy. Goldstine was a civil service employee. His employment was subject to the provisions of the Civil Service Act (Ill. Rev. Stat. 1937, ch. 24½, pars. 39–77 [Jones Ill. Stats. Ann. 23.040–23.080]). Section 3 of the act provides the civil service commissioner shall classify positions of employment and offices to which the act is applicable, "and no appoint-

ments to any of such offices or places shall be made except under and according to the rules hereinafter mentioned." Section 11 of the same act provides for the exemption of certain employees from its provisions. The employment of Goldstine was not a kind to which the exemption was applicable. Section 4 of article 7 of the City and Villages Act (Ill. Rev. Stat. 1937, ch. 24, par. 104, § 4 [Jones Ill. Stats. Ann. 21.196]) provides in substance that no contract shall be made by the city council or board of trustees or any committee or member thereof "and no expense shall be incurred by any of the officers or departments of the corporation, . . . unless an appropriation shall have been previously made concerning such expense, except as herein otherwise expressly provided," and that any contract made or expense incurred in violation of these provisions shall be null and void. Section 208 of Division 1 of the Criminal Code makes it an offense to enter into such contracts (Ill. Rev. Stat. 1937, ch. 38, par. 449 [Jones Ill. Stats. Ann. 37.396]). The statute has been construed and held valid in well-considered cases decided by the Supreme Court and by this court. *May v. City of Chicago,* 222 Ill. 595; *DeKam v. City of Streator,* 316 Ill. 123; *City of Harvard v. McCauley,* 253 Ill. App. 218. No appropriation for overtime for the additional services performed by plaintiff during the years 1930 or 1931 was proved in this case. The complaint does not allege that any such appropriation was made. The burden of proof was upon plaintiff to show this. *People v. Frick,* 367 Ill. 446, 450. Since Goldstine was at the time of the execution of this supposed contract an officer of the city of Chicago, any such contract would be void for the further reason that it was forbidden by Ill. Rev. Stat. 1937, ch. 24, art. 6, § 7, par. 90 [Jones Ill. Stats. Ann. 21.181]. *Koons v. Richardson,* 227 Ill. App. 477.

Section 3276 of the Chicago Municipal Code, in force August 12, 1930, provided that eight hours should constitute a legal day's work upon all work performed under any contract entered into with the city of Chicago. Goldstine is presumed to have known the statutes and the ordinances and the lack of power of the municipal corporation. *DeKam v. City of Streator,* 316 Ill. 123.

As against the objection that there was no appropriation plaintiff argues Goldstine, as a real estate expert employed by the Board of Local Improvements, was under the jurisdiction and control of the attorney of that board and, therefore, exempt from the operation of the Civil Service law. Plaintiff also argues that defenses of illegality and failure to appropriate are not available because not set up in defendant's answer. These defenses are not set up in the answer but the attorney for the city stated in open court upon trial that these defenses would be relied on, and the case was tried without objection on that theory. Plaintiff cannot object in this court for the first time. *Zukas v. Appleton Mfg. Co.,* 200 Ill. App. 403; *Dougherty v. Bliss,* 244 Ill. App. 282. It might well be the duty of court itself to call attention to the defenses of illegality and public policy even if the same were not pleaded. In support of his contention that Goldstine was a member of the law department of the city and, therefore, exempt from the civil service laws, plaintiff cites *People ex rel. Ettelson v. Faherty,* 306 Ill. 119. The case does not sustain its contention and the defense was not proved as a matter of fact.

We hold, as a matter of law, plaintiff was not entitled to recover and the judgment will be reversed without remanding.

*Judgment reversed.*

O'CONNOR, P. J., and McSURELY, J., concur.