People of State of Illinois ex rel. Norine Bergquist et al., Appellees, v. Walter L. Gregory et al., Defendants.

Appeal of James H. Dillard, Comptroller of City of Chicago, Respondent-Appellant.

Gen. No. 45,154.

Opinion filed June 13, 1951. Rehearing denied July 16, 1951. Released for publication July 30, 1951.

JOHN J. MORTIMER, Acting Corporation Counsel, of Chicago, for respondent-appellant; L. LOUIS KARTON, Head of Appeals and Review Division, and JAMES B. PARSONS, Assistant Corporation Counsel, all of Chicago, of counsel.

MICHAEL F. RYAN, of Chicago, for petitioners-appellees; RICHARD F. McPARTLIN, JR., of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a contempt proceeding by Chicago police-women arising out of a successful mandamus suit for reinstatement and for payment of back salary. The rule to show cause as to all of the respondents except Dillard, successor City Comptroller, was dismissed. Dillard was adjudged guilty of contempt, sentenced to jail and released on his recognizance pending this appeal from the contempt order.

The petitioners are two of seven policewomen who were removed from their positions in the Civil Service of the City of Chicago. The seven filed mandamus suits for reinstatement and back salary. They obtained a judgment which was affirmed in this Court. *People ex rel. Bergquist v. Gregory*, 337 Ill. App. 661. Following

the filing of the mandate, the petitioners were reinstated August 8, 1949. Dillard, as Comptroller, offered them checks for salary withheld from them during the period of their illegal ouster. Petitioners objected to certain deductions, not agreed upon, and demanded their full back salary minus agreed deductions. The demand was refused and this proceeding followed.

During the period of their ouster all but three of the seven policewomen were employed by the City in other positions. In computing the net amounts due the plaintiffs under the mandamus writ, Dillard deducted pension payments, withholding taxes and a stipulated ten per cent for the City's waiving further appeal of the mandamus judgment. He also deducted from the accrued salaries the amounts of money received by the policewomen for other work in which the City had employed them during the period of ouster. The latter deduction is the basis of the finding that the Comptroller was contemptuous.

The question is whether the trial court erred in adjudging Dillard guilty of contempt of court for persisting in making the disputed deduction.

Dillard was ordered in the writ to pay petitioners the salaries lawfully appropriated for, and unlawfully withheld from, them at the rate of $2,760 per annum. That petitioners were paid other wages does not affect the command. The other wages were not the lawfully appropriated salaries for policewomen. The deductions of pensions and withholding taxes were required to be made by law and the writ contemplated that these deductions would be made.

The petitioners contend that no court has decided that Dillard could make the disputed deductions and that Dillard's decision to make the deduction does not bind petitioners. They contend that Dillard should have had the decision made by the court in the mandamus proceeding by introducing the issue in his answer.

They argue that, having failed to raise the question in that proceeding, Dillard is precluded from doing so now.

We think that the trial court did not err in adjudging Dillard guilty of contempt of court for persisting in making the disputed deduction. It is true that his answer asserted compliance with the writ and denied that his conduct was contemptuous. This being civil contempt, Dillard's sworn answer alone did not purge him (*People ex rel. Burgeson v. West Chicago Park Commissioners*, 275 Ill. App. 387) and, if the facts in the answer do not support the assertion and denial referred to, the answer is not effective. Assuming, but not deciding, that it would aid Dillard, he has not shown that he was commanded to do an unlawful thing by the mandamus writ. No statute or ordinance has been cited which prohibits payment of the wages withheld. There has been no judicial determination that the wages paid petitioners for other work can be deducted from the salaries commanded to be paid. Neither *Koons v. Richardson*, 227 Ill. App. 477, *Goldstine Realty Co. v. Chicago*, 306 Ill. App. 556, nor any other case cited by respondent is authority for the right claimed by Dillard in this proceeding. Cases cited by Dillard, decided upon the principle against double pay, where the point was urged and decided, are not useful in the instant case. This is true also of *Kelly v. Chicago Park District*, 409 Ill. 91, recently decided by the Supreme Court. The action in the *Kelly* case was not mandamus and the question of deduction of other wages was raised and passed on in the trial court. The wording of section 9–99 of the Cities and Villages Act (Chap. 24, Ill. Rev. Stat.) does not give Dillard the right he claims.

The fact that the other plaintiffs in this mandamus proceeding acquiesced in this disputed deduction does not affect the claim of petitioners. In making

the deduction and persisting in his answer and right to do so, Dillard took the risk of wilfully violating the command of the mandamus writ.

It is not the fault of petitioners that the question of the right to make the deductions was not raised in the mandamus proceeding. They were not required to resolve a question of law against themselves. True, they did not ask in the mandamus suit for a command covering the accumulated salaries. Nevertheless, Dillard's answer could have raised the issue of the deductions. The petitioners were employed in the other work when they filed the mandamus suit and during its pendency.

■ We are not deciding that petitioners are entitled to retain both the salaries commanded to be paid and the other wages received by them. We think that the trial court properly found that the mandamus writ commanded the unlawfully withheld salaries be paid and that Dillard's answer showed they had not been paid and would not be paid, under claim of right to make deductions not contemplated by the writ. We decide only that, on these findings, the ultimate judgment of contempt was justified.

*Judgment affirmed.*

Burke, P. J. and Lewe, J., concur.